### John W. Jordan v. Ocean Wilson et al.

1. STATING ACCOUNTS—*Between Partners.*—Where the individual property of a partner has been used by the firm in the transaction of its business, an equitable allowance against the firm and in favor of such partner should be made to compensate him for the use of his property.

2. SAME—*Special Rules and Directions.*—The court in this case reverses the decree and remands the cause with instructions to the court below to permit the parties to introduce testimony as to the reasonable use of individual property, etc.

**Bill to Settle Copartnership.**—Error to the Circuit Court of DeWitt County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded with directions. Opinion filed May 16, 1896.

## STATEMENT OF THE CASE.

On the 11th day of June, 1892, the plaintiff in error, John W. Jordan, and Ocean Wilson, formed a partnership under the name and style of O. Wilson & Co., for the purpose of engaging in the business of buying and selling grain and coal.

Wilson had previously been engaged in the same line of trade and owned an elevator which stood upon leased ground.

It was agreed Jordan should pay Wilson $2,000 for one-half interest in this elevator, and that thereupon it should become firm property. The partners were to be interested equally in the profits or losses of the business.

The firm ceased to transact business March 12, 1894.

Jordan filed a bill in chancery against Wilson to obtain settlement of the copartnership, and, claiming that he has paid for one-half the elevator, and that it was firm property, made parties to the bill certain persons to whom Wilson, about the time the firm abandoned business, executed chattel mortgages or a bill of sale for the elevator to secure his individual indebtedness, and as to such defendants, prayed their mortgages or bill of sale might be decreed of no effect against the right and interest of the firm and its creditors.

The defendants answered; the property of the firm (and that claimed to be such) was committed to the custody of a receiver, and the cause was referred to a master to take and report the proof, together with his findings and conclusion.

The master filed report, together with a statement of the accounts and affairs of the firm, and of the partners.

After hearing exceptions thereto the court rendered a decree directing the master to restate the account in accordance with the rulings of the court upon the exceptions, and upon the coming in of such restated account entered a decree in effect that the plaintiff in error, Jordan, had not made the necessary payments to entitle him to an interest in the elevator property, and had no interest therein, and that the defendant in error, Wilson, was indebted to Jordan upon an adjustment of accounts between them as partners

in the sum of $63.50, and that the assets of the firm were as follows:

Book account and notes, typewriter, desk, table and chairs, office, well, pump, tank, oats clipper, two jets; and ordering the receiver to sell such assets and apply the proceeds upon indebtedness of the firm set forth in the decree.

This is a writ of error brought by Jordan to obtain a reversal of the decree.

E. J. Sweeney and William Monson, attorneys for plaintiff in error.

Fred. Ball and R. A. Lemon, attorneys for defendants in error.

Mr. Justice Boggs delivered the opinion of the Court.

The principal question presented is, whether the court erred in finding the elevator property was not the property of the firm. Plaintiff in error claimed he paid Wilson $1,000 at one time upon the price of the elevator, and delivered to the firm a large amount of grain belonging to him individually, of value sufficient, together with the alleged cash payment, to complete the purchase of the elevator. The defendant in error claimed the $1,000 alluded to was borrowed by Jordan and paid into the firm to supply a sudden pressing need of funds, and was withdrawn by Jordan soon after and returned by him to the person from whom it had been borrowed, and as to the individual grain delivered the firm by Jordan, the claim of Wilson was, Jordan withdrew from the funds of the firm for private purpose an equal, or even greater amount.

A conclusion upon the question involved consideration of conflicting testimony of witnesses and the examination of the books of account of the firm covering the period of its existence and embracing many items, amounting in the aggregate to near $200,000. It is not practicable we should here state in detail such testimony or set forth the numerous items of account. It seems to us sufficient to say as to this point an examination and consideration of all the proof

bearing upon it has developed no sufficient reason for declaring the chancellor erred in his conclusion with relation to it.

The firm used the elevator property in the transaction of the business of buying and selling grain during the entire time of its existence. It was therefore equitable an allowance against the firm in favor of Wilson should be made to compensate him for the use of his property.

The court to accomplish such a result decreed Jordan should account to Wilson for one-half the rental value thereof, and fixed such at the sum of $2,712.60, being, it will be observed, at the rate of nearly $1,550 per year, and in adjusting the accounts of the partners charged Jordan with $1,356.30 as for one-half the entire rental charge.

That property of the value of $4,000 should have a rental value of about $1,500 per annum, strikes the mind at once as highly improbable and unreasonable.

The only proof in the record to support it is found in the testimony of Wilson to the effect the rent of an elevator equipped as was the one in question ought to be worth one-half cent per bushel for the grain handled through it. Upon that basis the rental was fixed. Herein we think the plaintiff in error has just ground of complaint.

The firm during the entire time of its existence used the elevator as firm property, and out of partnership funds paid the rent of the ground upon which the elevator stood, built an office upon the elevator grounds and constructed there a driveway, dug an expensive well, provided a costly pump and a tank, made repairs and additions to the property, all at the expense of the firm.

Such expenditures were made with the mutual approbation of the partners upon the theory the elevator property was, or would be, firm property and for the purpose of properly equipping it. Presumably it was necessary to the proper working of the elevator such articles and appliances, etc., should be provided, and in the estimate of the rental value of the elevator upon which the court acted, the equipments were considered as elements of rental value. But the court ruled the office, well, pump and tank were the

property of the firm—the tenant—and did not belong to Wilson, the landlord, and directed they should be sold by the receiver as assets of the firm. If in this the court ruled correctly, it is clear the basis of the assessment of rental value was not the correct one nor was it just to the plaintiff in error.

It appeared the firm had paid taxes and insurance upon the elevator and also the cost of constructing a driveway upon the premises. The court ordered Wilson should pay Jordan for one-half thereof, the reason given for such ruling as to the driveway being that it was unsalable, etc. The well cost $214, and we are unable to understand why it should have been deemed salable.

It constituted a part of the elevator property as did also the office, pump and tank.

Wilson so regarded it and assumed to be the sole owner of the entire property and in accordance with that assumption transferred it to Mason & Wagoner by an instrument in writing in which the "office" is included in express terms, and the well, pump and tank by fair implication. We note, also, another error prejudicial to the plaintiff in error.

Wilson kept the books of the firm and managed its financial affairs.

He kept no account of the moneys applied by him to his individual purposes.

The master, for this reason, very properly adopted the plan of so framing his statement of the account as to charge Wilson with all moneys received for the firm and to credit him with all disbursements for firm purposes, and required him to account accordingly.

The firm borrowed $500 of one Thorp and executed the note of the firm therefor.

This money was paid to Wilson and should have been, but was not, debited to him by the master.

The fact the firm had not paid the note, and that judgment had been entered upon it in favor of Thorp, had no effect to change the manner of stating the account as between the partners.

All disbursements on behalf of the firm were credited to Wilson. If he used the money received from Thorp in paying firm obligations, he received credit therefor, and clearly should have been debited with the money supplied the firm by the loan from Thorp with which he discharged the obligations wherewith he was given credit.

If he did not use this money in discharging firm obligations but applied it to his individual purposes, that he should have been charged with it is beyond doubt or cavil.

As to this item of money borrowed from Thorp, and as to the allowance in favor of Wilson for rent of the elevator, and as to the disposition ordered to be made of the office, the well, the pump and the tank, the decree is reversed and the cause remanded, with instructions to the court to permit the parties to introduce testimony as to the reasonable rental value of the elevator property, which shall be deemed to include also the well, the office, the pump and the tank, and to ascertain such rental and charge one-half thereof to the plaintiff in error in favor of Wilson, and credit Jordan as against Wilson with one-half of following sums: $100 expended in constructing the office; $214 expended about the well; $72.23 expended for the pump, and $15 for the tank; and revise the list of assets of the firm by striking therefrom the office, well, pump and tank—and decreeing they constitute part of the elevator property. The court will also credit Jordan as against Wilson with $250, one-half the sum borrowed from Thorp, and restate the account, and render decree accordingly.

It is not to be understood we hold the amount of grain handled through the elevator is not proper for consideration in arriving at a conclusion as to its fair rental value. The capacity of the elevator and the extent to which it was used by the firm are elements of rental value, and may be so considered in connection with all other facts and circumstances which bear upon the question of the reasonable and fair value of the use of such property.

To the extent indicated the decree is reversed and the cause remanded.    Reversed and remanded with directions.